UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK S. HUGHES, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-253 RM |
| vs. ) | |
| ) | |
| GEORGE W. BUSH, II, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Mark S. Hughes, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Among the 445 pages of his complaint and its attachments, Mr. Hughes makes a number of claims. Though the Indiana Department of Correction is holding him for kidnaping and armed robbery, he alleges that he is a prisoner of war and that he is being tortured by secret, space age, military weapons.

> In June or July of 2003, the U.S. government in an unprecedented decision, authorized nationwide in the Department of Correction, both state and federal, the use under military sponsorship of a new, highly sophisticated and top secret "weapons system" that incorporates electronics jamming technologies, i.e. "weapons grade" with integrated cell phone communications.
> . . .
> Further said integrated "weapons system" incorporates literally "space age" military science and technologies, top secret in nature and specially "commissioned" by the U.S. president under extreme variables in time of America's global war on 21st century terrorism.
> Example:
> Said weapons system utilizes integrated and military classified "sound beaming" technologies and science never before available to mankind to create bursts of sound over a cellular telephone's speaker and hearing mechanisms to "abruptly" discontinue and/or interfere with dangerous felony communications as described above.
> Whereby, said weapons integrated capabilities can also "beam" a painful burst of sound with precision, laser guided pin point accuracy, into the inner ear lobe, or vibrate with extreme intensity in a painful manner, both the inner ear drum and the brain (and/or its sections), in its cranium, and literally every other select orifice in the human body, including the inner nostrils, eyes, throat, intestinal track, lower bowel, and anus.
> . . .

2

> Over the last two (2) year factor, said classified technologies and/or sophisticated weapons systems, active in that period in the Indiana DOC, has been repeatedly used by "rogue" military/gov. agents to literally <u>torture</u> me.

Complaint, Addendum C, Part 1 at 4-5 (emphasis in original).

Mr. Hughes' claims are delusional. *See* <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000), and <u>Gladney v. Pendleton Correctional Facility</u>, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.")

This isn't the first time that Mr. Hughs has sought to bring these claims against the president and other national and state officials. In <u>Hughes v. Bush</u>, 1:04-CV-1782 (S.D. Ind. filed Oct. 29, 2004), the court also dismissed these claims after finding them delusional.

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: May  9 , 2005

                                                /s/ Robert L. Miller, Jr.
                                                Chief Judge
                                                United States District Court